**WICKERY, Respondent, v. PERLMUTTER et al., Appellants.** (Supreme Court, Appellate Term. June, 1902.) Action by John E. Wickery against Louis Perlmutter and another. I. Newton Williams, for appellants. A. E. Hagemann, for respondent.

MacLEAN, J. According to his testimony, the plaintiff, having certain lumber afloat, agreed with one Cohen for the sale of the lumber at a price fixed, with stipulated pay-

ments, and on condition that no title was to pass until Cohen had made the first payment, and on the same condition indorsed and delivered the bill of lading to Cohen. Cohen paid nothing to plaintiff, who discovered the property in the possession of the defendants, and thereupon brought replevin for its recovery. The defendants set up and proved that they had purchased the property in good faith and without notice, and had paid the value of the property to Cohen, who had delivered the bill of lading, duly indorsed by him. The learned justice, holding that, if Cohen had fraudulently obtained the property and parted with it, he could not give any greater title than he had himself, and that under fraud and deceit no title could be received, gave judgment to the plaintiff. This judgment must be reversed. Upon the evidence, respecting which there is practically no conflict, it appears that no title to the lumber passed from the plaintiff to Cohen. There was an agreement to sell, but there was to be a payment upon delivery. Payment was thus made a condition precedent, and until the condition was performed the title could not be affected. But as the plaintiff enabled Cohen, by the symbolical delivery of the lumber through putting into his hands the title paper, to assume possession and apparent ownership of the lumber, third persons had a right to consider it as Cohen's, and the plaintiff is estopped as against the defendants, purchasing without notice that the condition had not been performed, and in the belief that Cohen's apparent title was the real title and his ownership absolute. Dows v. Kidder, 84 N. Y. 121. Judgment reversed, and new trial ordered, with costs to abide the event.